## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL CONSUMERS LEAGUE, <br> 1701 K Street, #1200 NW, <br> Washington, District of Columbia 20006 <br><br> Plaintiff, <br><br> v. <br><br> GENERAL MILLS, INC., <br> One General Mills Boulevard <br> Minneapolis, Minnesota 55426 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Case No. _____ <br> ) <br> )  [D.C. Superior Court 2009 CA 0006069 B] <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL

Defendant General Mills, Inc. invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453 and removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia upon the following grounds:

**A.    Procedural Background**

1.    On August 20, 2009, Plaintiff National Consumers League ("NCL" or "Plaintiff") filed a complaint against General Mills in the Superior Court of the District of Columbia, Civil Division. The complaint is captioned *National Consumers League v. General Mills, Inc.*, Civil Action No. 0006069-09 ("Complaint"), and is assigned to the Honorable Neal E. Kravitz. NCL served a copy of the summons, Complaint, and initial order on counsel for General Mills by mail on September 2, 2009 pursuant to Rule 4(c)(4) of the Superior Court Rules of Civil Procedure. A true and correct copy of the Complaint, as well as the summons and other papers served by Plaintiff with this pleading, are attached hereto as **Exhibit A**.

2.    Counsel for General Mills has signed the Acknowledgment of Service by Mail and returned the same to counsel for NCL as contemplated by Rule 4 of the Superior Court Rules

1

of Civil Procedure, but General Mills has taken no action in the Superior Court.

3.     Plaintiff's single-count Complaint challenges General Mills' labeling of its Cheerios® Toasted Whole Grain Oat Cereal products ("Cheerios") and alleges that General Mills has violated the District of Columbia Consumer Protection Procedures Act, D.C. Code § 28-3901 *et seq.* ("D.C. Consumer Act"). Plaintiff seeks, *inter alia*, treble damages or statutory damages in the amount of $1,500 per violation (whichever is greater), injunctive relief, and attorneys' fees and costs. (Compl., Prayer for Relief, at p. 11.) *See also* D.C. Code § 28-3905(k)(1)(A).

**B.     Grounds For Removal**

4.     Plaintiff has brought an action in which it "seeks to represent residents of [the District of Columbia] who have purchased" Cheerios. (Compl. ¶ 6.) For the reasons set forth below, this Court has original jurisdiction over Plaintiff's case pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1332(d)(2). To the extent that NCL disputes that it has brought an action subject to CAFA, it has brought a single-plaintiff civil action against a diverse defendant, with more than $75,000 in controversy, vesting this Court with original jurisdiction under 28 U.S.C. § 1332(a). In either case, this Court has jurisdiction over Plaintiff's action.

5.     This action satisfies each of the three requirements for removal set forth in CAFA:  (a) the combined alleged claims of all potential class members, in the aggregate, exceed $5,000,000 (28 U.S.C. § 1332(d)(2)); (b) there are over 100 alleged class members in Plaintiff's proposed class (*id.* § 1332(d)(5)(B)); and (c) the requisite diversity exists (*id.* § 1332(d)(2)(A)). *See infra* paras. 8-12.

6.     In the alternative, this action satisfies each of the requirements for removal under traditional diversity jurisdiction:  (a) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (b) the suit is between citizens of different states.  28 U.S.C. § 1332(a). *See infra* paras. 13-16.

7.      While Plaintiff seeks several forms of monetary relief in its Complaint, it does not plead a specific amount of damages or other relief.[1]  As NCL has elected not to plead a specific amount, the "preponderance of evidence" standard governs the determination of the amount in controversy.  *See, e.g., Williams v. Purdue Pharm.*, No. 02-0556, 2003 U.S. Dist. LEXIS 19268, at *17 (D.D.C. Feb. 27, 2003) (*citing Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

## C.     CAFA Jurisdiction (28 U.S.C. § 1332(d))

8.      Plaintiff's claim under the D.C. Consumer Act is removable under CAFA as a "civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B); D.C. Sup. Ct. R. Civ. P. 23.  Plaintiff may not bring a "representative" claim under the D.C. Consumer Act without complying with class action procedures.  *See generally Sprint Commc'ns Co. v. APCC Servs., Inc.*, 128 S. Ct. 2531, 2545 (2008) (discussing the limited circumstances in which the claims of multiple parties may be adjudicated together and the procedural mechanisms for achieving the same); *Caldwell v. Allstate Ins.*, 536 F.3d 418, 424 (5th Cir. 2008) ("[F]ederal courts look to the substance of [an] action and not the labels that the parties may attach.").

9.      **Number Of Class Members.** There are over 100 class members in the group that Plaintiff seeks to represent.  28 U.S.C. § 1332(d)(5)(B).  Plaintiff "seeks to represent residents of th[e] District [of Columbia] who have purchased General Mills' Cheerios® cereal from the Defendant." (Compl. ¶ 6.)  Based on the number of sales of Cheerios in the District of

---

[1] Notably, Plaintiff failed to provide the approximate amount of damages sought on the Civil Information Sheet (attached as **Exhibit B**), as is required by D.C. Superior Court rules and procedures.  *See* Superior Court of the District of Columbia Civil Actions Information Handbook, at p. 4 ("A Civil Case Information Sheet must also be presented [to the clerk] at the time of the initial filing that indicates the type of case being filed *and the amount of damages* plaintiff is seeking.") (emphasis added), *available at* http://www.dcsc.gov/dccourts/docs/civil_actions_handbook.pdf.  Instead, Plaintiff simply wrote "Treble Damages or Statutory Damages" and left the "Demand" section blank. (Ex. B.)

Columbia—more than 3 million boxes in the last fiscal year alone (Declaration of Luis Rubi ("Rubi Decl.") ¶¶ 7, 9)—it is beyond question that more than 100 different consumers purchased the product. (*Id.* ¶ 11.)

10. **Diversity Of Citizenship.** The requisite diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A). NCL alleges in the Complaint that it is a private, nonprofit organization located in the District of Columbia. (Compl. ¶ 8.) Therefore, it is a citizen of the District of Columbia. The same is true of any individual on whose behalf Plaintiff may claim to seek relief—"Plaintiff ... seeks to represent residents of th[e] District [of Columbia] who have purchased General Mills' Cheerios® cereal from the Defendant." (*Id.* ¶ 6.) General Mills was at the time the Complaint was filed, and remains today, a Delaware corporation with its principal place of business in Minneapolis, Minnesota.[2]  (*Id.* ¶ 9; *see also* Rubi Decl. ¶¶ 12-14.)  In addition, Defendant was at the time the Complaint was filed, and remains today, a citizen and resident of Minnesota. (Rubi Decl. ¶¶ 12, 14.)  *See also* 28 U.S.C. § 1332(c) (for purposes of Sections 1332 and 1441, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). At no time has General Mills ever been a citizen or resident of the District of Columbia. (Rubi Decl. ¶ 15.)

11. **Amount In Controversy.**[3] Under CAFA, the claims of individual class members are aggregated in order to determine the amount in controversy. 28 U.S.C. § 1332(d)(6). The

---

[2] Although the Complaint's case caption indicates that Defendant's address is located in Minneapolis, *Michigan* (Compl., Case Caption, at p. 1), this is a typographical error. Plaintiff alleges elsewhere in its complaint that Defendant's principal place of business is located in Minneapolis, *Minnesota*. (*Id.* ¶ 9.)

[3] General Mills disputes that NCL is entitled to any relief on its Complaint, but for purposes of the removal analysis, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005); *see also* 14B Charles Alan Wright & Arthur R. Miller, Federal Procedure and Practice § 3702, at 44 & n.16.1 (2009) ("[A] defendant who seeks to prove that the amount in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable."); *Nelson v. Bic USA, Inc.*, No. 07-2367, 2008 U.S. Dist. LEXIS 27366, at *16 (S.D. Cal. Apr. 1, 2008) ("The jurisdictional requirement is satisfied if either party can gain or lose the jurisdictional amount.").

amount in controversy plainly exceeds $5,000,000, exclusive of interest and costs. Plaintiff seeks, *inter alia,* "treble damages or statutory damages in the amount of $1,500 per violation, whichever is greater." (Compl., Prayer for Relief, at p. 11.) Defendant's potential liability based upon damages alone exceeds the $5,000,000 amount in controversy. 28 U.S.C. § 1332(d)(2). With this Notice, General Mills submits the declaration of Luis Rubi, who is a Senior Consumer Insights Manager in General Mills' "Big G" Cereal Division, which has among its portfolio Cheerios cereal products that are at issue in this lawsuit. (Rubi Decl. ¶¶ 1-2.) General Mills has sold well in excess of $9.3 million—or in excess of 3 million boxes—of Cheerios in the District of Columbia during the last fiscal year (June 2008 through May 2009) alone. (*Id.* ¶¶ 7-9.) With statutory damages of $1,500 per violation, General Mills' potential exposure based upon statutory damages alone places in excess of $5,000,000 in controversy. Indeed, under Plaintiff's theory, the requisite amount in controversy would be met with the sale of fewer than 3,500 boxes of Cheerios in the District of Columbia.

      12.     Although NCL has carefully avoided using the term "class" or "class action" in its Complaint, its representative lawsuit must be treated as a class action under CAFA. *See* 28 U.S.C. § 1332(d)(1)(B). The District of Columbia Superior Court Rules "govern the procedure in all suits of a civil nature" brought in Superior Court and are "derived from the Federal Rules of Civil Procedure." D.C. Sup. Ct. R. Civ. P. 1 & comment. Superior Court Rule 23, modeled upon Federal Rule of Civil Procedure 23, is the only mechanism for bringing any class or representative action in the District of Columbia. *Id.*; D.C. Sup. Ct. R. Civ. P. 23. In other words, although the D.C. Consumer Act authorizes a cause of action, that cause of action must be litigated as a class action under the applicable procedural rules. *See* D.C. Sup. Ct. R. Civ. P. 23; *Caldwell*, 536 F.3d at 424 (congressional intent in enacting CAFA was to "prevent 'jurisdictional gamesmanship'" by conferring federal jurisdiction on all suits "resembl[ing] a purported class action").

      a.     As Judge Rogers recently recognized, neither the D.C. courts nor the D.C. Court of Appeals has conclusively resolved whether a D.C. Consumer Act suit authorizes a non-

class representative suit on behalf of the general public not provided for in the Superior Court rules. *In re U-Haul Int'l*, No. 08-7122, 2009 U.S. App. LEXIS 7163, at *13-15 (D.C. Cir. Apr. 6, 2009) (Rogers, J. dissenting from denial of leave to appeal). However, the language of the D.C. Consumer Act is unambiguous: it creates a right of action but does not expressly, or implicitly, create a procedural vehicle for enforcing that right. The D.C. Superior Court Rules of Civil Procedure set forth the procedural rules for "all suits of a civil nature," and those rules do not provide rules for suits under the D.C. Consumer Act beyond Superior Court Rule 23. Moreover, the text, history, and purpose of Superior Court Rule 23 demonstrate its applicability to purportedly representative actions of this type. *See, e.g.*, D.C. Sup. Ct. R. Civ. P. 23 cmt. (noting that Superior Court Rule 23 is identical to Federal Rule of Civil Procedure 23); 1 <u>Newberg on Class Actions</u> § 1.1 (4th ed. 2009) (class actions, including class actions under Rule 23, are "representative suits on behalf of groups of persons similarly situated"); *id.* § 1.10 (purpose of modern Rule 23 is to describe the procedure for adjudicating these representative suits and "the occasions for maintaining" them) (quoting 1966 advisory committee's note to Rule 23). In short, representative suits under the D.C. Consumer Act must proceed as class actions.

      b.    General Mills is cognizant of the decision in *Breakman v. AOL, LLC*, 545 F. Supp. 2d 96, 101 (D.D.C. 2008), which holds that the D.C. Consumer Act authorizes a "separate and distinct procedural vehicle from a class action," such that plaintiff's "representative" action was not removable under CAFA. However, General Mills respectfully submits that *Breakman* is wrongly decided on this question. *See In re Executive Office of the President,* 215 F.3d 20, 24 (D.C. Cir. 2000) ("District Court decisions do not establish the law of the circuit, nor, indeed, do they even establish 'the law of the district'") (internal citations omitted); *FC Investment Group LC v. Lichtenstein,* 441 F. Supp. 2d 3, 10 n.3 (D.D.C. 2006) ("[O]ne district court decision is not binding on another district court"). In fact, the only way NCL can bring a claim on behalf of other consumers in D.C. Superior Court is through a class action, as described above.

6

**D.**   **Diversity Jurisdiction (28 U.S.C. § 1332(a))**

13.     If NCL's complaint is not a representative action subject to CAFA, this action is removable under traditional diversity jurisdiction principles.  Plaintiff's allegations establish that it has put in excess of $75,000 in controversy, vesting this Court with original jurisdiction under 28 U.S.C. § 1332(a).

14.     **Diversity Of Citizenship.**  The requisite diversity exists pursuant to 28 U.S.C. § 1332(a) for the reasons stated in paragraph 10 above.  Plaintiff and Defendant are citizens of different states.

15.     **Amount In Controversy.**  The amount in controversy plainly exceeds $75,000, exclusive of interest and costs.  As noted at paragraph 11, *supra*, NCL seeks treble or statutory damages related to the sale of a product that sells more than 3 million boxes per year in the District of Columbia alone.  In addition, Plaintiff seeks injunctive relief and its attorneys' fees.  (Compl., Prayer for Relief, at p. 11.)  Each of these amounts is part of the amount in controversy when assessing federal jurisdiction pursuant to Section 1332 and each independently puts more than $75,000 in controversy.  *See Wexler v. United Air Lines*, 496 F. Supp. 2d 150, 154 (D.D.C. 2007); *Griffin v. Coastal Int'l Sec. Inc.*, No. 06-2246, 2007 U.S. Dist. LEXIS 40041, at *8-9 (D.D.C. June 4, 2007).

a.     First, as General Mills has sold well in excess of $9.3 million—or in excess of 3 million boxes—of Cheerios in the District of Columbia during the prior fiscal year (June 2008 through May 2009), more than $75,000 is at issue.  (Rubi Decl. ¶¶ 7-9.)  In fact, with statutory damages of $1,500 per violation, the requisite amount in controversy would be met under Plaintiff's theory with the sale of only the 51st box of Cheerios in the District of Columbia.

b.     If NCL has not brought a class action subject to removal under CAFA (as set forth in paragraphs 8-12), then NCL is the one and only plaintiff that will ever be before this Court.  In that case, NCL, as the sole plaintiff, should be treated like any other single plaintiff, and it has put the full amount of its Complaint's damages at issue.  In other words, the full

7

amount of damages is properly treated as NCL's amount in controversy for purposes of diversity jurisdiction. Although damages may not be aggregated when multiple plaintiffs assert distinct claims for relief, this principle does not apply when a single plaintiff is seeking a single recovery. *See, e.g., Zahn v. Int'l Paper Co.*, 414 U.S. 291, 301 (1973) (requiring that each plaintiff in a class action must satisfy the jurisdictional amount and that no *plaintiff* may "ride in on another's coattails"); *Snyder v. Harris*, 394 U.S. 332, 335 (1969) (holding that the aggregation of the claims of two or more *plaintiffs* is improper) (emphasis added); *Purdue Pharm.*, 2003 U.S. Dist. LEXIS 19268, at *17-19 (an indivisible claim as to "all moneys acquired" is considered a single generalized amount for purposes of the amount-in-controversy).

c.     *Second*, NCL also seeks injunctive relief to restrain "Defendant's conduct found to be in violation of the D.C. Consumer Protection Procedures Act." (Compl., Prayer for Relief, at p. 11.) "The value of injunctive relief for determining the amount in controversy can be calculated as the cost to the defendant." *Wexler*, 496 F. Supp. 2d at 154; *see also Comm. for GI Rights v. Callaway*, 518 F.2d 466, 472-73 (D.C. Cir. 1975) (stating that amount in controversy includes Defendant's cost of complying with requested injunction). NCL does not specify the injunctive relief that it seeks, but to the extent that relief requires the removal of boxes of Cheerios from store shelves, the expense to General Mills would exceed $75,000, eclipsing the amount in controversy independent of any other relief. (Rubi Decl. ¶ 10.)

d.     *Third*, Plaintiff seeks attorneys' fees, which are included in the amount-in-controversy if authorized by statute. *See Griffin*, 2007 U.S. Dist. LEXIS 40041, at *8-9. The D.C. Consumer Act authorizes an award of attorneys' fees. *See* D.C. Code § 28-3905(k)(1). Using a conservative estimate of $250 per hour of attorney time, Plaintiff's attorneys only need to record 300 hours to this matter to reach $75,000 in controversy, without even reaching the statutory damages or value of injunctive relief discussed above. This estimate is conservative, falling well below the attorneys' fees granted to prevailing plaintiffs in other D.C. Consumer Act actions. *See, e.g., Williams v. First Gov't Mortgage & Investors Corp.*, 225 F.3d 738, 745-47 (D.C. Cir. 2000) (affirming an award of $200,000 in attorneys' fees in a single-plaintiff D.C.

Consumer Act action); *Dist. Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 721, 733 (D.C. 2003) (affirming an award of over $425,000 in attorneys' fees in a D.C. Consumer Act class action).

16.     Again, General Mills is cognizant of the decision in *Breakman*, which holds that, for the purposes of diversity jurisdiction, damages, the cost of compliance with an injunction, and plaintiff's attorneys fees must be apportioned "to each plaintiff" or "to each consumer" when determining whether the amount-in-controversy requirement has been satisfied.  545 F. Supp. 2d at 106. General Mills respectfully submits that *Breakman* is wrongly decided on those questions. *See In re Executive Office of the President*, 215 F.3d at 24; *FC Investment Group LC,* 441 F. Supp. 2d at 10 n.3. *Breakman* is predicated on the incorrect assumption that the non-aggregation principle applies to cases in which there will *only ever be* a single plaintiff seeking recovery and no other individuals will become parties to the litigation.  If NCL argues that it has not brought a class action, it is the lone plaintiff that will ever be before this Court, and therefore the entire amount of damages it seeks must be counted toward the amount-in-controversy requirement.  If, on the other hand, NCL is attempting to represent injured consumers, then aggregation and removal are appropriate under the statutory mechanism of CAFA, as set forth above.

**E.      Removal Procedure**

17.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and other papers received by Defendant in the state court action, including the Complaint, are attached to this Notice as **Exhibit A.**

18.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of Defendant's receipt of the initial pleading.  Defendant received the Complaint on September 7, 2009 by first-class mail at the offices of counsel for Defendant. Defendant files this Notice of Removal on October 2, 2009, within the thirty-day deadline provided by 28 U.S.C. § 1446(b).

19.     A copy of the Notice of Filing of Notice of Removal is attached as **Exhibit C.** Defendant will promptly serve the Notice of Filing of Notice of Removal on Plaintiff and will

file a copy with the Clerk of the Superior Court of the District of Columbia, Civil Division as required by 28 U.S.C. § 1446(d).

20.     Pursuant to Federal Rule of Civil Procedure 7.1(a) and Local Civil Rule 7.1, Defendant will file a Disclosure Statement concurrently herewith.  The Statement is attached hereto as **Exhibit D**.

21.     Pursuant to Local Civil Rule 40.5(b), Defendant will file a Notice of Related Cases concurrently herewith.  The Notice is attached hereto as **Exhibit E**.  Private plaintiffs in five other lawsuits throughout the country (all of which are in federal court) raise claims substantially similar to those in this case, on behalf of overlapping putative classes of purchasers of Cheerios cereal.  None of the other cases is currently pending in this Court.

22.     Defendant will also file with the Judicial Panel on Multidistrict Litigation a Notice of Potential Tag-Along Action pursuant to Rules 7.2(i) and 7.5(e) of the Judicial Panel on Multidistrict Litigation.  The Judicial Panel on Multidistrict Litigation heard argument on a Motion for Coordination and Transfer of the five related actions described in paragraph 21 on September 24, 2009.  *In re Cheerios Marketing and Sales Practice Litigation* (MDL Docket No. 2094).  All of the plaintiffs and General Mills agree that consolidation, coordination and transfer of these cases to a single district is appropriate and requested the same from the Judicial Panel on Multidistrict Litigation.  The parties are currently awaiting a ruling from the MDL Panel.

DATED:  October 2, 2009                            Respectfully submitted,

ANDREW S. TULUMELLO (D.C. Bar No. 468351)
ATulumello@gibsondunn.com
MINODORA D. VANCEA (D.C. Bar No. 492335)
DVancea@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue N.W.
Washington, DC  20036-5036
Telephone:  (202) 955-8500
Fax:  (202) 467-0539

*Counsel for Defendant, GENERAL MILLS, INC.*

100737091_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on October 2, 2009, the foregoing Notice of Removal was sent by first-class mail, postage prepaid, to the following:

Donald J. Enright
Karen J. Marcus
FINKELSTEIN THOMPSON LLP
The Duvall Foundry
1050 30th St., NW
Washington, DC  20007

*Counsel for Plaintiff*

MINODORA D. VANCEA (D.C. Bar No. 492335)
DVancea@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue N.W.
Washington, DC  20036-5036
Telephone:  (202) 955-8500
Fax:  (202) 467-0539

100737091_1.DOC